IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISRAEL COLLADO REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:25-299 |
| MICHAEL UNDERWOOD, WARDEN FCI ) | Judge Nora Barry Fischer |
| LORETTO, ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

AND NOW, this 28th day of January, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on December 3, 2025, (Docket No. 8), recommending that the § 2241 habeas petition filed by Petitioner Israel Collado Reyes be summarily denied with prejudice because the instant petition is an abuse of the writ as Petitioner previously filed the same claim seeking earned time credits at Civ. A. No. 3:25-cv-5-SLH-KAP and that case remained pending at the time the Report and Recommendation was issued and further recommending that the instant Petition be denied on the merits, for the reasons stated in Civ. A. No. 3:25-cv-5-SLH-KAP, and the Magistrate Judge also directed that objections were due within 14 days such that objections for non-ECF users were due by December 22, 2025, the timely Objections filed by Petitioner, (Docket No. 9), this matter having been recently reassigned to the undersigned for prompt disposition, and upon independent review of the record and de novo consideration of the Magistrate Judge's December 3, 2025 Report and Recommendation, (Docket No. 8), as well as the subsequent Memorandum Order of December 5, 2025 issued by the Honorable Stephanie Haines dismissing the initial 2241 Petition filed in Civ. A. No. 3:25-cv-5-

1

SLH-KAP, with prejudice, and holding that Petitioner is not entitled to apply earned time credits to his sentence computation due to his having a final administrative order of removal, *see Collado-Reyes v. Collette Peters, et al.*, Civ. A. No. 3:25-cv-5-SLH-KAP, Docket No. 16 (W.D. Pa. Dec. 5, 2025), as well as Petitioner's Motion for Reconsideration which appears to have been dually filed in both the instant case and the matter at Civ. A. No. 3:25-cv-5-SLH-KAP, (Docket No. 10),

IT IS HEREBY ORDERED that Petitioner's Objections [9] are OVERRULED because Petitioner has not addressed the Magistrate Judge's recommendation that the instant Petition at Civ. A. No. 3:25-cv-299-NBF-KAP must be dismissed as an abuse of the writ given his prior filing of the same claims at Civ. A. No. 3:25-cv-5-SLH-KAP;

IT IS FURTHER ORDERED that the December 3, 2025 Report and Recommendation [8] is ADOPTED, in PART and DENIED, as moot, in part, as outlined herein;

IT IS FURTHER ORDERED that the instant Petition filed a Civ. A. No. 3:25-cv-NBF-KAP [4] is DISMISSED, without prejudice, to Petitioner's continued pursuit of his claims at Civ. A. No. 3:25-cv-5-SLH-KAP.  To that end, the Court finds that dismissal of the duplicative § 2241 habeas petition raising the same claims as the prior matter is appropriate in light of the applicable statutes precluding this Court from entertaining a habeas claim that was previously adjudicated by another District Judge, *see* 28 U.S.C. § 2244(a), as well as the provisions that bar a litigant from filing second or successive habeas petitions without approval of the U.S. Court of Appeals for the Third Circuit, *see* 28 U.S.C. § 2244(b)(3); *see also Henderson v. Bledsoe*, 396 F. App'x 906, 908 (3d Cir. 2010) (affirming dismissal of duplicate habeas petition under 28 U.S.C. § 2244(a)); *Banks v. Warden Allenwood FCI*, App. No. 21-3247, 2022 WL 1916828, at *1 (3d Cir. Feb. 28, 2022) ("Frederick Banks's habeas petition under 28 U.S.C. § 2241 was properly dismissed because it contained only claims that are duplicative of those raised in earlier-filed habeas petitions.").

Further, as Judge Haines has addressed the merits of the § 2241 petition filed at Civ. A. No. 25-cv-5-SLH-KAP, the Court declines to do so in this duplicative action;

IT IS FURTHER ORDERED that Petitioner's Motion for Reconsideration filed at Civ. A. No. 25-cv-5-NBF-KAP [10] is DENIED, as moot, given that this action is DISMISSED, and such ruling is without prejudice to Petitioner's continued pursuit of the duplicate Motion for Reconsideration he filed in Civ. A. No. 3:25-cv-5-SLH-KAP, *see* Fed. R. Civ. P. 1 (noting the duties of the court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding");

IT IS FURTHER ORDERED that no certificate of appealability shall issue, *see Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, *1, n.1 (3d Cir. 2025) (citing *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability"); and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case at Civ. A. No. 25-cv-299-NBF-KAP CLOSED.

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        Senior U.S. District Judge

cc/ecf: Magistrate Judge Keith A. Pesto

cc:       ISRAEL COLLADO REYES, Reg. No. 76302-054
           LORETTO
           FEDERAL CORRECTIONAL INSTITUTION
           P.O. BOX 1000
           CRESSON, PA 16630 (via first class mail)